IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SCOTTY EATON                                                                                    PLAINTIFF

vs.                                          CIVIL NO. 06-5004

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                       DEFENDANT

## MEMORANDUM OPINION

Scotty Eaton (hereinafter "plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Act.

## Background:

The applications for DIB and SSI now before this court were protectively filed on July 23, 2003, alleging an onset date of June 28, 2003, due to heart problems; the residuals of a stroke he suffered as an infant, including blindness in his right eye, cataracts, hearing loss in his right ear, and right-sided weakness; scoliosis; back pain; and, difficulty concentrating. (Tr. 49, 64, 300). An administrative hearing was held on October 27, 2004. (Tr. 310-327). Plaintiff was present and represented by counsel.

At the time of the hearing, plaintiff was twenty-four years old, and possessed the equivalent of a high school education. (Tr. 11). He had past relevant work ("PRW"), as a stocker/store laborer. (Tr. 11).

On August 15, 2005, the ALJ issued a written decision finding that plaintiff's congenital heart disease; history of a stoked at the age of eight months resulting in residual right hemi-paresis, blindness in the right eye, hearing loss in the right ear, dependent traits and/or dementia, and a personality disorder; mood disorder not otherwise specified; somatoform disorder; and, borderline intellectual functioning constituted severe impairments, but did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 19). After discrediting plaintiff's subjective allegations, the ALJ concluded that he maintained the residual functional capacity ( "RFC") to perform light work, limited by his ability to occasionally do simple grasping, fine manipulation, handle, feel, and push/pull with his non-dominant extremities; inability to perform work requiring excellent hearing; and, need to avoid hazards such as heights and moving machinery. The ALJ also determined that plaintiff had a more than satisfactory ability to use judgment; understand, remember, and carry out simple instructions; and, behave in an emotionally stable manner relate predictably in social situations and demonstrate reliability. However, he found that plaintiff's ability to interact with supervisors was between more than satisfactory and limited but satisfactory, and his ability to follow work rules; relate to coworkers; deal with the public; deal with work stresses; maintain attention and concentration; and, understand, remember, and carry out detailed and complex instructions was limited but satisfactory. Further, the ALJ indicated that plaintiff's ability to function independently was between limited but satisfactory and seriously limited. Utilizing the Medical-Vocational Guidelines (the "Grids"), the ALJ then determined that plaintiff could perform work that exists in significant numbers in the national economy, including positions as a surveillance system monitor, cashier II, and machine tender. (Tr. 20).

The Appeals Council declined to review this decision. (Tr. 4-6). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs and the case is now ready for decision. (Doc. # 8, 9).

**Discussion:**

The issue before this court is whether the Commissioner's decision is supported by substantial record evidence. "We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole." *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Id*. *See also Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000). "However, our review 'is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, we also take into account whatever in the record fairly detracts from that decision.' Nevertheless, as long as there is substantial evidence in the record to support the Commissioner's decision, we will not reverse it simply because substantial evidence exists in the record that would have supported a different outcome, *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir.1995), or 'because we would have decided the case differently.'" *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001)(citations omitted).

A five-part analysis is utilized in social security disability cases. *See e.g., Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000). Applying this analysis, the ALJ must determine, sequentially, the following: 1) whether the claimant is employed; 2) whether the claimant has a severe impairment; 3) whether the impairment meets a listed impairment; 4) whether the impairment prevents the

claimant from doing past work; and 5) whether the impairment prevents the claimant from doing any other work. *Id.*; *see also* 20 C.F.R. § 404.1520.

If the claimant fails at any step, the ALJ need not continue. "The claimant carries the burden of establishing that [he] is unable to perform [his] past relevant work, i.e., through step four, at which time the burden shifts to the Commissioner to establish that [he] maintains the residual functional capacity to perform a significant number of jobs within the national economy." *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001)(citing *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000)).

**Discussion:**

Of particular concern to the undersigned is the ALJ's failure to question the vocational expert ("VE") regarding plaintiff's non-exertional impairments. Generally, if the claimant suffers from non-exertional impairments that limit his ability to perform the full range of work described in one of the specific categories set forth in the guidelines, the ALJ is required to utilize the testimony of a VE. *Groeper v. Sullivan,* 932 F.2d 1234, 1235 n. 1 (8th Cir. 1991). The exception to this general rule is that the ALJ may exclusively rely on the guidelines even though there are non-exertional impairments if the ALJ finds, and the record supports the finding, that the non-exertional impairments do not significantly diminish the claimant's RFC to perform the full range of activities listed in the guidelines. *Reed v. Sullivan,* 988 F.2d 812, 816 (8th Cir. 1993).

In the present case, the ALJ determined that plaintiff's borderline intellectual functioning and right-sided blindness constituted severe impairments. (Tr. 19-20). He also made determinations concerning the limitations imposed by plaintiff's other mental impairments. However, in spite of

4

these non-exertional limitations, the ALJ failed to include plaintiff's borderline intellectual functioning and right-sided blindness in his interrogatories to the VE. (Tr. 106-107).

The United States Court of Appeals for the Eighth Circuit has determined that borderline intellectual functioning and the lack of visual acuity in one eye are significant nonexertional impairments that must be considered by a VE. *See Doolittle v. Apfel*, 249 F.3d 810, 811 (8th Cir. 2001); *Lucy v. Chater,* 113 F.3d 905, 908 (8th Cir.1997); *Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir. 1997). Clearly, if the hypothetical question(s) posed to the VE does not precisely describe a particular plaintiff's impairments, limitations, and restrictions, the expert cannot accurately assess whether jobs exist for that individual. *See Sigh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000); *Cox v. Apfel*, 160 F.3d 1203, 1207 (8th Cir. 1998). Further, the VE's answer(s) to the incomplete hypothetical question(s) cannot constitute substantial evidence to support a conclusion of no disability. *See Cox*, 160 F.3d at 1207. Therefore, given the fact that the hypothetical questions posed to the VE did not include all of plaintiff's impairments and limitations, we are left with an undeveloped and inconsistent record. This leaves us with no alternative but to remand the case for further proceedings.

After reviewing all of the evidence, we also note that the record does not contain an RFC from any of plaintiff's treating physicians. Therefore, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic

work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and, therefore, the denial of benefits to the plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this the 21st day of September 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE